UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DONNIE W. MORGAN, II )
)
v. ) NO. 2:06-CV-30
)
SHERIFF WAYNE ANDERSON, )
MAJOR BRENDA HENSELY, )
CORPORAL TOOMBS, and )
LIEUTENANT LORI DELP )

## **MEMORANDUM and ORDER**

Donnie W. Morgan, II, a prisoner in the Sullivan County jail, brings this *pro se* civil rights case for injunctive relief under 42 U.S.C. § 1983. The plaintiff is **ASSESSED** the civil filing fee of $250.00 under 28 U.S.C. § 1915.[1] Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

    or

---

[1] The civil filing fee recently increased from $250 to $350, but because the plaintiff filed his case prior to the increase, he is being assessed the former fee.

(b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint on February 6, 2006.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 has been paid to the Clerk's Office.[2] *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is imprisoned, to ensure compliance with the above fee-assessment procedures.

In his standardized complaint form, the plaintiff makes the allegations which follow. The Sullivan County jail is overcrowded. There are thirty-eight occupants in G-cell, which contains only sixteen beds, sixteen seats, sixteen shelves with hooks for hanging clothes, three toilets, and one shower. Some inmates must sleep on the floor and those who do so are provided only a thin mat for a bed. Indeed, the facility is so overcrowded that the exterminator, who used to spray under the tables

---

[2] Send the payments to:   Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

and bunks, now just walks through the cell without spraying anything because prisoners are sleeping in the area where, normally, the poisons would be sprayed. G-cell's thirty-eight inmates have only 600 square feet of living space (after subtracting the floor space which is occupied by bedding, toilets, and the shower). Exercise in the cell is prohibited by a facility rule—phone privileges are withdrawn for this particular infraction—but, at any rate, in-cell exercise is problematic due to the lack of space. And though there is a recreation yard, inmates in G-cell are offered the opportunity to use it only in the early morning hours when it is too cold to go outside. Because it is early and cold, they refuse the opportunity.

The menu consists of food which has been watered down to stretch it to feed the excess number of inmates and, therefore, the food has no nutritional value. Not only is it lacking in nutritional value, but it is usually served cold because the facility lacks the means to serve hot meals to 630 inmates.

The facility has a valid grievance system, but it is not taken seriously by the defendants. For example, defendant Toombs does not read grievances, yet she responds to them by citing to rules and regulations, which she believes circumvent constitutional requirements. Only when this defendant is off-duty do prisoners' complaints about the institution get past her. Defendant Delp also responds to complaints, but does so with indifference or by offering ineffective solutions. The

3

grievances are never resolved to the satisfaction of the inmates.

Finally, even though Sullivan County Criminal Court Judge Phyllis Miller has entered an "Order of Transport," recommending that the defendant Sheriff transport the plaintiff as quickly as possible to a state facility, this has not happened, though inmates sentenced after the date the plaintiff was sentenced have been transferred to state correctional facilities.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until he has exhausted his available administrative remedies.[3] *See Brown v. Toombs*, 139 F.3d.1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). It is the prisoner's burden to demonstrate he has exhausted those remedies. *See id.* at 1104. A district court must enforce the exhaustion requirement *sua sponte*. *Brown,* 139 F.3d at 1104.

In his complaint, the plaintiff indicates he submitted a grievance. Among the exhibits attached to his complaint, is a copy of a grievance ("Attachment 5"), dated December 19, 2005. In this grievance, the plaintiff wrote :

> "There are currently an average of <u>30</u> or more people in a cell that is designed for <u>16</u>. These living conditions promote an unsanitary and

---

[3] The statute reads: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available shall be exhausted." 28 U.S.C. § 1997e(a).

4

> unsafe environment in which I must live. I'm asking that something be done about this matter as soon as possible or that I be sent to prison where I can enjoy a more safe and sanitary environment."

In his grievance, he does not mention the lack of exercise; the problems with the food; or the unsatisfactory bedding arrangements. He does complain that overcrowding has resulted in unsafe and unsanitary conditions, but he has not alleged those conditions as claims in his complaint. Moreover, he asserts, in his complaint, that the facility's grievance system provides for an appeal to defendant Hensely, but there is no indication in his complaint or on the face of the grievance that he has taken an appeal.

The Sixth Circuit adheres to the "mixed complaint" rule[4] of *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005), which requires the filing of a grievance concerning every single claim stated in the complaint. *Id.* at 805. In addition, an inmate is also required to pursue his grievance through all levels of appeal; he cannot abandon the process before completion. *See Hartsfield v. Vidor*, 199 F.3d 305, 310 (6th Cir. 1999). Consequently, by failing to submit a grievance on each claim raised in his complaint and by failing to appeal any grievance not resolved to the plaintiff's

---

[4] A "mixed" complaint includes exhausted claims (i.e., claims which a prisoner has presented through all steps of a multi-step grievance system) and unexhausted claims (i.e., claims which have not been so presented).

5

satisfaction through all levels of the grievance process, he has failed to satisfy § 1997e(a)'s requirement concerning exhaustion of his administrative remedies.

A separate order will enter dismissing this action without prejudice for failure to exhaust administrative remedies.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE